IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUVEPHARMA EOOD and HUVEPHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASSOCIATED BRITISH FOODS, PLC, AB VISTA, INC., PGP INTERNATIONAL CORPORATION, ABITEC CORPORATION, AB ENZYMES, INC., and AB ENZYMES GMBH, <br> Defendants, | Civil Action No. 18-129-RGA |

**MEMORANDUM ORDER**

Plaintiffs filed this lawsuit near the beginning of 2018. Plaintiffs allege infringement of six now-expired patents. Trial is set for June 1, 2020. The PTAB instituted IPRs on the 44 asserted claims (and some unasserted ones) on July 25, 2019. Decisions are likely on or about July 23, 2020. I gather document discovery is substantially complete and that fact depositions will be starting imminently. I had a Markman hearing and issued a Markman ruling. Defendants requested to stay the suit pending the IPRs, and the parties have been heard on the issue. (D.I. 96, 97, 99, 100).

Plaintiffs and Defendants are competitors, but, as the patents are expired, the only advantage Plaintiffs can gain from litigation is damages.

The standard for granting a stay involves consideration of three factors:

(1) whether granting the stay will simplify the issues for trial;

(2) whether discovery is complete and a trial date is set; and

(3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage.

The pending IPRs will simplify the issues by, at a minimum, removing some or all anticipation and obviousness issues from trial due to the estoppel provisions relating to an IPR. Of course, at the maximum, all asserted claims will be found invalid, and the case will be over. More likely, some claims will be invalidated, and others will not. In any event, the only question is not whether the IPR results will simplify the trial, but what the extent of simplification will be. The first factor thus strongly supports granting the stay.

Discovery is in progress, and there is a trial date. Given the amount of discovery that remains, including all expert discovery, the second factor does not strongly favor either side.

Although the parties are competitors, Plaintiffs seek only monetary damages. It does not appear that Plaintiffs will suffer any undue prejudice if the motion is granted, as pre-judgment interest generally appears to compensate for any delay in obtaining damages. Both sides will benefit to the extent the IPRs simplify the case (and therefore lower their litigation costs), and, of course, should the IPRs resolve the case, the benefit will be significant. Plaintiffs contemplate having anticipation and obviousness tried twice, whereas a stay will mean that those issues will only be tried once. Plaintiffs do not argue in their submissions that there are sources for an anticipation or obviousness argument that would avoid the estoppel effect of the IPRs on any claims that survive. Plaintiff's primary argument is that Defendants waited too long to file the IPRs. I agree that Plaintiffs could have filed sooner, but I do not think that any unnecessary delay (which may be somewhat related to the unsuccessful attempt at early mediation) suggests

an attempt to gain a "tactical advantage." Thus, I do not see the third factor as weighing in favor of denying the stay.

Considering all the circumstances, this case seems to be an easy case for granting a stay pending IPR.

Thus, IT IS HEREBY ORDERED this 12 day of August 2019 that:

1. The request to stay litigation pending resolution of the IPRs (D.I. 96) is **GRANTED**;

2. The parties shall submit a status report no later than August 3, 2020; and

3. The stay shall remain in effect until lifted by Court Order. The parties should promptly advise the Court if and when the stay should be lifted.

*Richard G. Andrews*
United States District Judge